**UNITED STATES of America Plaintiff**

v.

**Kevin R. HAMM Defendant**

**No. CRIM.A.3:02CR–49–H.**

United States District Court,
W.D. Kentucky,
At Louisville.

Sept. 8, 2003.

Marisa J. Ford, U.S. Attorney Office, Louisville, KY, for Plaintiff.

John L. Smith, Trevor A. Smith, Smith & Helman, Louisville, KY, for Defendant.

## MEMORANDUM OPINION

HEYBURN, Chief Judge.

The United States charged Defendant, Kevin Hamm, with two substantive counts: using wire communications to induce or coerce an individual under the age of 18 to engage in sexual activity in violation of 18 U.S.C. § 2422(b); and attempting to transport a minor in interstate commerce with the intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a). Defendant pled guilty to both charges. The United States moved for a two level enhancement under U.S.S.G. § 2A3.2(b)(2)(B) for unduly influencing a minor to engage in sexual activity and cited *United States v. Root,* 296 F.3d 1222 (11th Cir.2002) as directly applicable.[1]

---

1. At sentencing, Defendant moved for a downward departure on the grounds of diminished capacity under U.S.S.G. § 5K2.13, aberrant behavior under U.S.S.G. § 5K2.20, and extraordinary post-offense rehabilitation under U.S.S.G. § 5K2.20. For reasons set forth on the record, the Court denied that motion.

The Court also decided the instant motion on the record in open court. This Memoran-

Disagreeing with the Eleventh Circuit, this Court concluded that where the "victim" is an adult undercover agent posing as a minor, the United States cannot meet the requirements of showing that the victim was unduly influenced.

In our case as in *Root,* Defendant attempted to induce sexual activity with a federal agent who posed as a fourteen-year-old girl. No one disputes that a crime is committed even though the victim was actually an adult federal agent. The disagreement arises from the government's attempt to enhance Defendant's sentence. In *Root,* the Eleventh Circuit held that the district court could look at the defendant's conduct and decide whether or not that conduct would have duly influenced a fourteen-year-old victim. This Court disagrees and adopts the analysis set forth in the dissent of Judge Cornelia Kennedy, United States Circuit Judge for the Sixth Circuit, sitting by designation on the Eleventh Circuit.

The Sentencing Commission Guidelines do provide for an enhancement of two levels where a defendant "unduly influenced the victim to engage in prohibited sexual conduct." U.S.S.G. § 2A3.2(b)(2)(B). The application notes to the pertinent guideline section state:

> "In determining whether subsection B applies, the Court should closely consider the facts of the case to determine whether a participant's influence over the victim compromised the voluntariness of the victim's behavior. In a case in which the participant is at least 10 years older than the victim, there shall be rebuttal presumption for purposes of subsection (b)2(B) that such participant unduly influenced the victim to engage in prohibited sexual conduct."

This Court believes that the guidelines and the notes require a fact specific inquiry

about whether the victim's voluntary behavior was compromised by Defendant's conduct or influence. One cannot merely speculate how a defendant's action may have affected the average fourteen year old. Even though a crime may be committed by actions directed toward a federal agent posing as an underage victim, to analyze the extent of any undue influence would seem to require an actual victim and actual undue influence. Neither a real fourteen year old nor any actual undue influence existed in our circumstances.

Here, one cannot look at the specific facts and determine whether or not Defendant's conduct did unduly influenced a fourteen-year-old girl because Defendant was not dealing with someone of that age. The logical extension of this analysis is that whenever a sting operation is involved or a federal agent poses as an underage person, it will not be possible to obtain proof of undue influence. This is so because in cases of these kinds the defendant is always able to overcome the rebuttable presumption that the victim was unduly influenced. Prosecutors must simply forego the limited two point enhancement. Even though Defendant may be guilty of the substantive offense, the enhancement cannot attach without the requisite proof which is unavailable in these circumstances.

dum Opinion merely supplements the record    for purposes of publication.